JULIA M. BOLING, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 15, 1902.

Constitutional Question. Where an exception is saved to an instruction to the jury that "nine of their number could return a verdict because it appeared from the evidence before the court that the so-called amendment to the Constitution of this State, purporting to provide therefor, was not properly submitted, in that the notice provided for in said Constitution was never given; and, hence, said so-called amendment did not carry, and under the Constitution of this State no valid verdict could be rendered against defendant, except by the concurrence of the entire jury," the cause should be transferred to the Supreme Court as involving a constitutional question.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

Transferred to the supreme court.

*L. F. Parker* and *John T. Woodruff* for appellant.

The verdict of the jury was a minority verdict, and void for the reason that the constitutional amendment was never properly submitted, and, in fact, is not an amendment to the Constitution of this State. The notice provided for in the Constitution, in case of submitting a proposition to amend the same, was not given, as is clearly shown by this record. The verdict is void for another reason, viz.: It is not signed by the nine jurors concurring therein, as is expressly required by the statute of this State. This statute, in our judgment, is mandatory, and the verdict, for that reason, should have been set aside.

*Vaughan & Coltrane* for respondent.

(1) The objection made to the form and reception of the verdict is not well taken. While the verdict was not signed in the form that the statute directs, yet it was the defendant's duty to object on the spot, while it was possible for the omission to be supplied before the dispersion of the jury. By the defendant's silence at the only time when it was possible to correct the informality, it must be deemed to have waived it. Menue v. Neumeister, 25 Mo. App. 300; Herring v. Corder, 49 Mo. App. 378. (2) Code provisions requiring a verdict to be signed are merely directory. A failure to sign properly is not a fatal defect. Gurley v. O'Dwyer, 61 Mo. App. 348. (3) Upon the return of the verdict, the court inquired of the jury if nine of their number had agreed upon a verdict for the plaintiff, and all the jurors answered in the affirmative. Such a verdict is good. Cross v. Grant,

13 Am. St. Rep. 607. (4) While the word "shall" is used in the jury law in reference to the form of the verdict and its execution, it is not so used in a mandatory sense. The following Missouri cases are constructions of the various statutes in which that word has been used, and in which it was held that it was not mandatory. State ex rel. v. County Court, 41 Mo. 247; State v. Muir, 20 Mo. 303; Hehl v. Guion, 155 Mo. 76; Young v. Camden County, 19 Mo. 309; Hicks v. Chouteau, 12 Mo. 341.

GOODE, J.—In this case we find the appellant saved an exception to an instruction that nine of the jury might return a verdict. The objection to the charge was reasserted in the motion for a new trial, as follows:

"Because the court erred in instructing the jury, over defendant's objections and exceptions, that any nine of their number could return a verdict; for the reason that it appeared from the evidence before the court that the so-called amendment to the Constitution of this State purporting to provide therefor was not properly submitted, in that the notice provided for in said Constitution was never given; and, hence, said so-called amendment did not carry, and under the Constitution of this State no valid verdict could be rendered against defendant except by the concurrence of the entire jury."

It was again asserted in the third paragraph of the motion in arrest of judgment:

"Because the verdict was not rendered by the entire jury as required by the Constitution."

In support of this assignment of error, the appellant has preserved evidence touching the publication of the constitutional amendment, whose validity is challenged, in several counties and in the city of St. Louis, claiming the publication was insufficient and the amendment never legally adopted.

We think, therefore, this cause should be transferred to the Supreme Court as involving a constitutional question, and it is so ordered.    All concur.